UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| Tomas Reyes,<br><br> Plaintiff<br>  v.<br>United States District Court<br>for the Western District of<br>Washington, et al.,<br><br> Petitioner/Defendant. | CV 08-005159<br><br>ORDER GRANTING FEDERAL<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT |

The Court, Judge Robert J. Timlin, has read and considered Federal Defendants'[1] motion

---

[1] The Federal Defendants' motion for summary judgment was brought by the following defendants: United States District Court for the Western District of Washington; Office of Court Administrator; United States District Court Judge Franklin D. Burgess; United States Attorney Jeffrey C. Sullivan; Assistant United States Attorney Mike Dion; Chief United States Probation Officer for the Western District of Washington William S. Corn; United States Probation Officer Matthew D. McDaniel; Director of the United States Bureau of Prisons Harley Lappin; and Federal Detention Center (SeaTac) Warden Robert Palmquist. In this Order, the Court will refer collectively to these defendants as "Federal Defendants."

When referring to the subset of Federal Defendants sued in their individual capacities (United States District Court Judge Burgess; United States Attorney Sullivan; Assistant United States Attorney Mike Dion; Chief United States Probation Officer for the Western District of Washington Corn; United States Probation Officer Thomason; United States Probation Officer McDaniel; Director of the United States Bureau of Prisons Harley Lappin; and Federal Detention Center (SeaTac) Warden Robert Palmquist), the Court shall use the term "Individual

1

for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c) and the Federal Defendants' Reply.[2] Based on such consideration, the Court concludes as follows:

**I.**

**BACKGROUND**

On February 21, 2008, Plaintiff filed a civil action in the Superior Court of Washington, Pierce County, Case No. 08-2-05462-0 (state court), naming as defendants, among others, the Federal Defendants. On March 4, 2008, Plaintiff filed a Notice of Joinder in state court, joining Defendants Bureau of Prisons Director Harley Lappin and Federal Detention Center (SeaTac) Warden Robert Palmquist to the action. On March 18, 2008, Federal Defendants filed a Notice of Removal in the United States District Court, Western District of Washington at Tacoma, removing Plaintiff's action to federal court. On April 21, 2008, Federal Defendants filed a Notice of Appearance in the federally removed case, as well as the instant motion for summary judgment. As referenced *supra* in footnote 1, despite this Court's minute order dated April 25, 2008 informing Plaintiff of the procedures for opposing a motion for summary judgment under Fed. R. Civ. P. 56(c), Plaintiff has filed no response. Federal Defendants filed a reply in support of their motion for summary judgment on May 16, 2008.

In his complaint, Plaintiff alleges that the statutes, the violations of which he plead guilty, and the statutes under which he was sentenced were never properly enacted into law and that no federal regulations have been enacted to implement the statutes. Based on those alleged shortcomings, according to Plaintiff, Federal Defendants were deprived of jurisdiction over him and his confinement is rendered unlawful. He contends the Federal Defendants acted "under

---

Federal Defendants." When referring to the subset of Federal Defendants that are federal entities ( United States District Court for the Western District of Washington; Office of Court Administrator; and Office fo the United States Attorney for the Western District of Washington), the Court shall use the term "Federal Entity Defendants."

[2] Notice to pro se Plaintiff Tomas Reyes ("Plaintiff") regarding the procedures for opposing a motion for summary judgment under Fed. R. Civ. P. 56(c) was provided by this Court in a minute order dated April 25, 2008. Plaintiff did not file a response to Federal Defendants' Motion for Summary Judgment. Despite the Plaintiff's failure to file a response, the Court will not grant summary judgment solely because Plaintiff failed to oppose the motion, but will decide this motion on its merits, based on whether or not Federal Defendants have shown the absence of genuine issues of material fact.

2

color of what they know are never enrolled laws" and, as a result, he was ordered to serve a sentence of imprisonment by a court acting without jurisdiction.

Plaintiff makes other factual allegations which are largely irrelevant to the claims in his complaint and to the disposition of the Federal Defendants' motion for summary judgment: He alleges that he was induced by officers from the Lakewood Police Department to engage in a meeting with them on or about December 12, 2005. He asserts he was stopped under "traffic pretext" and was then pulled from his car, thrown to the ground, and handcuffed. Further, he alleges his car was searched without his consent, and then officers searched his business without a warrant, assaulted his wife, and threatened his children.

## IV. ANALYSIS

### A. Legal Standard for Summary Judgment Motions

The standards governing summary judgment motions are well established. Under Rule 56, a district court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the moving party meets its initial burden of identifying for the court evidence on file that demonstrates the lack of any genuine issue of material fact, "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court does not make credibility determinations or weigh conflicting evidence, and is

required to draw all inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348 (1986)). Thus, if direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party, the court must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Id*. at 631. In addition, if the evidence yields conflicting inferences, summary judgment is improper. *O'Connor*, 311 F.3d at 1150.

Here, there are no triable issues of material fact, and only questions of law remain for this court to decide.

### B. Immunity From Liability for Civil Damages

#### 1. Individual Federal Defendants

Plaintiff's action is brought as a constitutional tort against various defendants employed by the federal government. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants contend that all of the Individual Federal Defendants are immune from liability for civil damages, because each of them was acting in a judicial or quasi-judicial capacity at all times relevant to the factual allegations in the complaint. This court addresses this contention with regard to the Individual Federal Defendants, as categorized by the duties of their position.

First, Judge Burgess is a sitting federal district court judge who presided over Plaintiff's criminal case, which lies at the heart of his allegations here. Judges and those performing judge-like functions are absolutely immune from civil liability in the form of damages for acts committed in their judicial capacities. *Moore v. Brewster*, 96 F.3d 1240, 1243-45 (9th Cir. 1996); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts"). Immunity attaches even if the acts were in error or performed maliciously. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The only exception is for a judge who acts in the "clear absence of all jurisdiction." *Id.* Reyes' claims involve actions undertaken by Judge Burgess while he was acting in his judicial capacity, and he makes no allegations that Judge Burgess was acting in the

4

clear absence of all jurisdiction.[3] Therefore Defendant Judge Burgess is immune from liability to Plaintiff for damages in this case.

Second, Defendants United States Attorney Sullivan and Assistant United States Attorney Dion are federal prosecutors who, according to the allegations of the complaint, prosecuted Plaintiff's criminal case. In initiating and presenting cases, prosecutors are immune from civil suits for money damages. *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Fry v. Melargno*, 939 F.2d 832, 836-37 (9th Cir. 1991). Absolute immunity attaches to prosecutorial conduct associated with the judicial phase of the process. *Imbler*, 424 U.S. at 430. Here, Reyes' claims involve actions taken by Defendants Sullivan and Dion within their prosecutorial functions. Accordingly, they also are immune from liability to Plaintiff for damages.

Third, Defendants Corn, Thomason and McDaniel are all employed by the United States Probation Office for the Western District of Washington as Probation Officers. "Courts have extended absolute immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process. . . Probation officers preparing presentencing reports serve a function integral to the independent judicial process . . . [T]hey act as 'an arm of the sentencing judge.'" *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1986). Therefore, according to the Ninth Circuit in *Demoran*, probation officers are entitled to absolute judicial immunity from damage actions brought under section 1983 based on their conduct as probation officers. *See id.* As actions under section 1983 and *Bivens* are identical except for replacement of the state for federal actor, a probation officer is similarly entitled to immunity in a *Bivens* action. *See Van Strum v. Lawn*, 940 F.2d 406. 409 (9th Cir. 1991). Plaintiff makes no specific factual allegations relating to the probation officers except to state that they held him without consent. Any connection that these probation officers have to Plaintiff's factual allegations would necessarily involve functions performed by these individual defendants that are integral to the judicial process. Accordingly, Defendants Corn, Thomason,

---

[3] Although Plaintiff does allege that Judge Burgess acted without jurisdiction because the statutes he relied upon were not codified into law appropriately, that is insufficient to satisfy the standard. Acting in excess of a court's jurisdiction by mistake is not acting in clear absence of all jurisdiction. See Sadoski, 435 F.3d at 1079.

and McDaniel are also entitled to absolute immunity from liability to Plaintiff for damages.

Finally, Plaintiff also joined in this action Defendants United States Bureau of Prisons Director Lappin and Federal Detention Center (SeaTac) Warden Palmquist. Although again Plaintiff does not make specific factual allegations concerning these individual defendants, he does refer to his incarceration at the Federal Detention Center at SeaTac and his unlawful imprisonment. Therefore, presumably, Plaintiff is seeking damages from these Defendants for keeping him in custody at the district court's direction. "The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised." *See Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006); *see also Coverdell v. Dep't of Soc. & Health Services*, 834 F.2d 758, 765 (9th Cir. 1987) (concluding that a social worker who sought, obtained, and executed a court order to remove a child from her mother's care was entitled to absolute immunity). Courts have held that a corrections official who executes a valid court order for a defendant's incarceration is entitled to absolute immunity from liability for damages based on the fact of a prisoner's incarceration. *See, e.g., Patterson v. Von Riesen*, 999 F.2d 1235, 1241 (8th Cir. 1993) ("We simply conclude that a warden is absolutely immune from damages flowing from the fact of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement."). While the Ninth Circuit has not explicitly held as such, it has indicated its agreement with this reasoning in dicta. *See Sadoski*, 435 F.3d at 1080 (Gould, concurring). Here, Plaintiff's allegations are limited to Defendants Lappin and Palmquist keeping him in custody pursuant to the district court's direction in his criminal case. Accordingly, Defendants Lappin and Palmquist are also entitled to absolute immunity from liability to Plaintiff for damages.

Each of the Individual Federal Defendants participated in Plaintiff's prosecution and incarceration as part of or in furtherance of the judicial process. Therefore, each has absolute immunity from liability in this action and is entitled to summary judgment on that basis.

### 2. Federal Entity Defendants

Plaintiff has also named as defendants several federal entities: the United States District Court, United States Attorney's Office, and the Office of Court Administrator. *Bivens* creates a

remedy for violations of constitutional rights committed by federal officials acting in their individual capacities. *See Bivens*, 403 U.S. 388. A *Bivens* action may not be brought against the United States itself or any federal agencies or entities, as such actions are barred by the doctrine of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 484 (1994). Accordingly, Federal Entity Defendants are entitled to judgment as a matter of law on Plaintiff's claims against them.[4]

## III.

## DISPOSITION

ACCORDINGLY, IT IS ORDERED that Federal Defendants' motion for summary judgment is GRANTED.

DATED: August 20, 2008

/ s /
ROBERT J. TIMLIN
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff also appears to be requesting relief in the form of a court order that he be released from custody based on purported constitutional violations. It is arguable that Plaintiff's complaint might be construed as, in part, a Section 2255 motion, particularly as Plaintiff is pro se. To the extent that a pro se prisoner's Section 1983 complaint seeks relief available only under habeas corpus, the district court should construe the complaint liberally and treat it as a habeas corpus motion. *See Franklin v. Oregon*, 662 F.2d 1337, 1347 n.3 (9th Cir. 1981); *Keeton v. Procunier*, 468 F.2d 810, 811 (9th Cir.1972) (portion of Section 1983 complaint properly construed as habeas corpus claim). Here, as Plaintiff appears to seek not only monetary compensation but also asks for a court order releasing him from custody, this court will construe his complaint to be, in part, a Section 2255 petition. If so construed, the court denies Plaintiff's Section 2255 petition, because Plaintiff's plea agreement contains an express waiver of his right to bring a post-conviction collateral attack on the conviction or sentence, except if it was related to his legal representation. If a movant has waived the right to assert post-conviction collateral attack claims in a valid plea agreement, the court lacks jurisdiction to consider such claims except for those relating to ineffective assistance of counsel or the involuntariness of the waiver of collateral attack. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992). Reyes' claims do not fall within the limited exception carved out in his plea agreement and therefore he may not raise them in a Section 2255 motion.

The court also rejects Reyes' contention that the federal court in the criminal action lacked jurisdiction over violations of provisions of Title 21 and Title 18 because the criminal statutes under which he was prosecuted and convicted were not legally enacted. Such arguments have been rejected by the Ninth Circuit, as "Congress's failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable." *Ryan v. Bilby*, 764 F.2d 1325, 1327-28 (9th Cir. 1985).