UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | | |
|---|---|---|
| Tomas Reyes, | ) | CV 08-0005159 |
| Plaintiff | ) ) | ORDER 1) GRANTING DEFENDANT MATT A. RENDA'S MOTION TO DISMISS THE COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(5) AND 2) DISMISSING THE ACTION AS TO DEFENDANT RENDA WITHOUT PREJUDICE |
| v. | ) ) | |
| United States District Court for the Western District of Washington, | ) ) ) | |
| Defendant. | ) ) | |

On September 23, 2008, the Court issued an Order that Defendant Matt A. Renda ("Renda") file and serve points and authorities in support of the motion to dismiss the complaint, which motion he had previously filed on March 17, 2008 in state court prior to removal of this action to this court. The court ordered that Plaintiff Tomas Zea Reyes ("Reyes" or "Plaintiff")) should file any opposition to that motion to dismiss no later than October 31, 2008. Renda filed another motion to dismiss the complaint with supporting points and authorities on October 10, 2008. This second motion to dismiss was based on the same grounds which Renda stated in support of his first motion to dismiss. As of the date of this Order, Plaintiff has not filed any opposition to either motion to dismiss.

1

Renda contends, *inter alia*, that the action against him should be dismissed with prejudice, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(5) for insufficient service of process. He contends that Reyes served the summons and complaint on Renda by mail, instead of personally serving the papers on him, in violation of Washington State Court Rule 4(d)(2). Therefore, this action against him should be dismissed for insufficient service of process.

Renda was named as a defendant in the original complaint filed by Reyes on February 21, 2008 in Superior Court of the State of Washington in and for the County of Pierce. On February 22, 2008, Reyes filed an affidavit of service signed by his process server stating that he had served Matt Renda with a summons by mailing a copy of it in a Priority Mail envelope through the United States Postal Service. Renda asserts that Reyes was required to serve him personally, in accordance with Washington State Court Rule 4(d)(2) and that failure to do so constitutes insufficient service of process.

In determining the validity of service of a summons and complaint prior to removal to federal court, a federal court must apply the law of the state under which the service was made. *See Anderson v. United States*, 630 F.2d 677, 682 (9th Cir. 1980)("federal rules apply only after removal"); *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986); 4C. Wright & A. Miller, Federal Practice and Procedure § 1082 at 329-31 (1969). Here, because Renda was served prior to removal of this action to this court on March 18, 2008, Washington State law governs with regard to the issue of sufficiency of service. Washington State Court Rule 4(d)(2) requires personal service of summons and other process, "as provided in RCW 4.28-080-.090."[1] RCW 4.28-080 defines what constitutes personal service on an individual: "to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein."

Here, Reyes did not affect personal service on Renda. Instead, he chose to serve him by mail. As Renda correctly points out, Washington State Local Rule 4(d)(4) does provide for service by mail as an exception to personal service and publication, when a court has ordered that service may be

---

[1] Washington State Court Rule 4(d) also provides for an alternative method of service by publication, which is not at issue here.

2

made by mail "if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication."  Reyes did not file such an affidavit in state court and that court did not order that service by mail was just as likely to give actual notice as service by publication.

Therefore, Reyes has insufficiently served process upon Renda, by failing to comply with the requirements of Washington State Court Rule 4(d).  Accordingly, Renda's motion to dismiss the action against him will be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(5).

Based on the foregoing, the court ORDERS 1) Renda's motion to dismiss the complaint is granted, and 2) the action is dismissed in its entirety without prejudice as to Defendant Matt A. Renda.

DATED: November 6, 2008

/ s /
_____
ROBERT J. TIMLIN
UNITED STATES DISTRICT JUDGE